IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| Estate of Susan K. Dick *by and through personal representative Bobby J. Dick*, | Case No. 2:21-cv-01194-HL |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| DESERET MUTUAL BENEFIT ADMINISTRATORS, | |
| Defendant. | |

HALLMAN, United States Magistrate Judge:

This matter comes before the Court on Plaintiff's Motion to Determine Judgment Amount, seeking $229,173.27 for the originally billed cost of Susan K. Dick's treatments. ECF 50. Defendant disputes this amount, asserting that Plaintiff, the Estate of Susan K. Dick, is only entitled to recover costs Ms. Dick actually incurred, totaling $43,185.62. For the reasons below, this Court concludes that Plaintiff is only entitled to judgment for recovery of $43,185.62 for expenses incurred under the Plan.

PAGE 1 – OPINION AND ORDER

Plaintiff brought this ERISA action against Deseret Mutual "to recover benefits due to [her] under the terms of [her] plan" for three radiation treatments she received in July 2020. Pl.'s Mot. 2, ECF 51 (citing 29 U.S.C. § 1132(a)(1)(B)). After the Court ruled in the Plaintiff's favor, the parties filed briefs disputing the judgment amount. ECF 51-53. Plaintiff argues Ms. Dick is entitled to the originally billed amounts of her medical procedures, despite some of these amounts being written off by the provider and some amounts being paid by Deseret Mutual. ECF 51. Deseret Mutual responds that Plaintiff is only entitled to the expenses Ms. Dick incurred for the treatments because that was all she was entitled to under the plan. ECF 52.

Ms. Dick received three treatments: the provider originally billed the first treatment at $61,693.74, wrote off $18,508.12, and Ms. Dick paid the remaining $43,185.62 in full. Stipulated Facts ¶¶ 3–5, ECF 49. The provider originally billed the second treatment at $83,421.60, wrote off $15,324.55, and Deseret Mutual paid the remaining $68,097.05 in full. Stipulated Facts ¶¶ 6–9, ECF 49. The provider originally billed the third treatment at $84,057.93, wrote off $15,441.44, and Deseret Mutual paid the remaining $68,616.49 in full. Stipulated Facts ¶¶ 14–16, ECF 49. After paying for the second and third treatments, Deseret Mutual determined that these two payments were made in error and requested reimbursement from the provider for both the second and third payments. Stipulated Facts ¶¶ 10–11, 17–18, ECF 49. The provider did not return any funds, and after the Court ruled in Plaintiff's favor on summary judgment, Deseret Mutual stipulated to the Court that it had terminated any effort to recoup these two payments from the provider. Stipulated Facts ¶¶ 12–13, 19–20, ECF 49.

A Plan participant may file a civil action under 29 U.S.C. 1132(a)(1)(B) "to recover benefits due [to them] under the terms of [their] plan." *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1009 (9th Cir. 1998) (quoting 29 U.S.C. 1132(a)(1)(B)). "Extracontractual,

PAGE 2 – OPINION AND ORDER

compensatory, and punitive damages are not available under ERISA." *Id*. at 1009. Thus, 29 U.S.C. § 1132(a)(1)(B) only allows the recovery of benefits the participant is entitled to under the plan. *See, e.g.*, *Samano v. Kaiser Found. Health Plan, Inc.*, 466 F. App'x 592, 594 (9th Cir. 2012) (holding a plaintiff could only recover the discounted and finally billed rate, instead of the originally billed rate, for their procedure because that was all they were entitled to under their ERISA plan).

Here, the Plan states that "[b]enefits are available under the Plan when Covered Expenses are *incurred* by a Covered individual . . ." DMBA00095 (emphasis added). It also states that Covered Expenses are "expenses *incurred* by the Covered individual . . . ." DMBA 00081.

The plain language of the Plan and 29 U.S.C. 1132(a)(1)(B), when read together, compel the conclusion that Plaintiff is only entitled to the expenses that (1) Ms. Dick incurred and (2) remain due to her. Ms. Dick did not incur the expenses that were written off by the provider or paid by Deseret Mutual. *See Samano,* 466 F. App'x at 594. Additionally, because Deseret Mutual already paid for the second and third treatments, those benefits would not be "due" to her a second time. *See id.* (a plan participant may file an action to "to recover benefits *due* [to them] under the terms of [their] plan.") (emphasis added).[1]

In sum, Ms. Dick incurred $43,185.62 in medical expenses and that is all the outstanding benefits that remain due to her under the terms of her plan. For that reason, that is the amount of the judgment she is entitled to under 29 U.S.C. § 1132(a)(1)(B). This Court will therefore enter judgment in that amount, plus prejudgment interest, statutory penalties, and post-judgment interest.

---

[1] Based on Deseret Mutual's stipulation and the Court's prior order, it is clear Deseret Mutual has no legal right to attempt to recoup these payments in the future. Nevertheless, this Court's judgment will enjoin Desert Mutual from seeking to recoup those payments.

PAGE 3 – OPINION AND ORDER

IT IS SO ORDERED.

DATED this 8th Day of June, 2023.

/s/ ANDREW HALLMAN
ANDREW HALLMAN
United States Magistrate Judge

PAGE 4 – OPINION AND ORDER