IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| Estate of Susan K. Dick *by and through personal representative Bobby J. Dick*,<br><br>             Plaintiff,<br><br>      v.<br><br>DESERET MUTUAL BENEFIT ADMINISTRATORS,<br><br>             Defendant. | Case No. 2:21-cv-01194-HL<br><br>**OPINION AND ORDER** |

HALLMAN, United States Magistrate Judge:

   This matter comes before the Court on Plaintiff's Motion for Attorney's Fees and Costs pursuant to Section 503(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), for an order awarding Plaintiff attorney's fees in the amount of $40,950.00 and costs in the amount of $402.00. ECF 59. For the reasons set forth below, Plaintiff's motion is GRANTED.

   Plaintiff, the Estate of Susan K. Dick, asserts that it is entitled to attorney's fees based on the factors set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). Pl. Mem. in Supp. 3-6, ECF 60. Plaintiff also asserts that the requested fees—equaling counsel's actual time spent litigating this case, with a small reduction in total hours, multiplied by his $300.00 hourly rate—are reasonable under the Lodestar/Multiplier method set forth in

PAGE 1 – OPINION AND ORDER

*D'Emanuele v. Montgomery Ward & Co.*, Inc., 904 F.2d 1379, 1383 (9th Cir. 1990). ECF 60 at 6-11. Plaintiff does not request any multiplier. *Id*. Plaintiff supports this request with counsel's declaration and the declaration of Megan Glor, an experienced ERISA practitioner. ECF 62, 63. Finally, Plaintiff requests costs of $402.00 for the filing fee in this matter. ECF 60 at 10-11.

In response, Defendant Deseret Mutual Benefit Administrators ("Defendant") submitted a limited objection to Plaintiff's request to "preserv[e] its rights and interests on this issue in the event a Notice of Appeal is filed. DMBA objects on the grounds that Plaintiff's claim to fees arises solely from the judgment obtained by Plaintiff from this Court." ECF 63. Further, "based upon the existing judgment entered in this matter as currently constituted (and subject only to any potential appeal therefrom), [Defendant] does not oppose" Plaintiff's request for fees and costs. *Id*.

In light of Defendant's limited objection and non-opposition to the underlying fee award, and based on this Court's own independent review of the reasonableness of Plaintiff's requested fees, this Court GRANTS Plaintiff's motion in its entirety. The Court will enter a supplemental judgment awarding Plaintiff attorney fees of $40,950.00 and costs in the amount of $402.00. In the event this action is appealed and the judgment reversed, this Court may reconsider this award of fees and costs. *See Gatti v. Reliance Standard Life Ins. Co.,* 415 F.3d 978, 986 (9th Cir. 2005).

IT IS SO ORDERED.

DATED this 13th Day of July 2023.

_____
ANDREW HALLMAN
United States Magistrate Judge

PAGE 2 – OPINION AND ORDER